JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| KENNETH BOYD | HAHN AUTOMOTIVE WAREHOUSE & LESTER GROME |

| (b) County of Residence of First Listed Plaintiff  Pike, PA | County of Residence of First Listed Defendant  State of New York |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| MINORA KROWIAK MUNLEY BATYKO<br>700 Vine Street, Scranton, PA 18510 570-961-1616 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
POLICY LIMITS

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

### FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH BOYD | : | |
| 3135 Hemlock Farms | : | CIVIL ACTION NO: |
| Hawley, PA 18423, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| HAHN AUTOMOTIVE WAREHOUSE | : | |
| and LESTER GROME, | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff, Kenneth Boyd, by and through his Counsel, Thomas W. Munley, Esquire, complains the above-named Defendants as follows:

## THE PARTIES

1.    The Plaintiff, Kenneth Boyd (hereinafter "Boyd"), is an adult and competent individual who resides at 3135 Hemlock Farms, Hawley, Pike County, Pennsylvania 18423.

2.    The Defendant, Hahn Automotive Warehouse (hereinafter "Hahn"), is a corporation and existing under the laws of the State of New York, with its

principal place of business located at 415 West Main Street, Rochester, New York 14608.

3.    The Defendant, Lester Grome (hereinafter "Grome"), is an adult and competent individual who resides at 120 Briggs Street, Syracuse, New York 13208.

## JURISDICTION

4.    Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this civil action involves a controversy between entities and/or citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00)

## THE CRASH JULY 22, 2021

5.    On Thursday, July 22, 2021, at approximately 12:48am, Boyd was driving his 2011 Ford-ECP automobile south in the right lane of RT 739 on Blooming Grove Township, Pike County, Pennsylvania.

6.    At the same time, Grome was driving a large truck directly behind Boyd in the right lane of RT 739.

7.    At all relevant times, Hahn owned the large truck the Grome was driving.

8.    At all relevant times, Grome drove the large truck with knowledge and consent of Hahn.

9.    At all relevant times, Grome was an employee and/or agent of Hahn, and drove the large truck in the scope and course of his employment and/or agency for Hahn.

10.   Grome violently sideswipe Boyd's vehicle with his large truck by attempting to pass over the double yellow lines.

11.   The crash was caused solely by the negligence of both Defendants.

12.   As a result of the crash, Boyd sustained multiple injuries, including low back, neck pain, cervicalgia, thoracic spine, headaches, right leg and left leg injuries.

## **COUNT I**

### **Kenneth Boyd, Plaintiff**
**and**
### **Hahn Automotive Warehouse and Lester Grome, Defendants**

13.   Boyd incorporates paragraphs 1 through 12 above as fully as if the same were set forth length herein.

14.   Grome, acting as the employee and/or agent of Hahn, was negligent in his operation of the large truck as follows:

   a) Causing the large truck to leave the right southbound of RT 739, enter into the left southbound and strike Boyd's automobile;

   b) Failing to keep the large truck under constant control;

c) Being inattentive, failing to keep a proper lookout and failing to observe and avoid the Boyd's automobile;

d) Failing to yield the right-of-way to the Boyd's automobile;

e) Failing to ensure that the left southbound land of RT 739 was clear before causing the large truck to change lanes;

f) Driving the large truck at a speed greater than was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

g) Endangering the lives and well-being of Boyd in violation of 18 Pa. C.S.A §2705;

h) Operating the large truck with careless disregard for the safety of Boyd in violation of 75 Pa. C.S.A.§3714; and

i) Driving the large truck with wanton disregard for the safety of Boyd in violation of 75 Pa. C.S.A.§3736.

15. As a result of both Defendants' negligence, Boyd required medical care and incurred medical expenses, and he will likely continue to require medical care and incur medical expenses in the future.

16. As a result of both Defendants' negligence, Boyd missed time from work and incurred lost wages.

17. As a result of both Defendants' negligence, Boyd endured physical and mental pain and suffering, and he will continue to endure physical and mental pain and suffering for an indefinite period of time into the future.

18. As a result of both Defendants' negligence, Boyd suffered a loss of ability to participate in his life's normal activities and pleasures,, and he will continue to suffer a loss of ability  to engage in his life's normal  activities and pleasure for an indefinite period of time into the future.

19. As a result of both Defendants' negligence, Boyd suffered embarrassment and humiliation, and he will continue to suffer embarrassment and humiliation for an indefinite period of time into the future.

WHEREFORE, Plaintiff Kenneth Boyd respectfully requests that the Court enter judgment in his favor against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) plus cost and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

## COUNT II

### Kenneth Boyd, Plaintiff v. Hahn Automotive Warehouse Defendants

20. Plaintiff incorporates paragraphs one (1) through nineteen (19) above as fully as if the same were set forth length herein.

21. Hahn was negligent in entrusting its large truck to Grome as follows:

a)  Entrusting its large truck to Grome when Hahn knew or should have known of a real and appreciable risk that Grome would operate the truck in an unsafe manner;

b)  Failing to properly investigate or consider Grome's driving record and ability before entrusting its large truck to him;

c)  Failing to implement proper procedures, policies and/or safeguards to ensure that its employees and/or agents were safe and competent drivers before entrusting its commercial vehicle to them;

d)  Failing to implement proper procedures, policies and/or safeguard to ensure that its employees and/or agents knew and obeyed the mandates of the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations; and

e)  Failing to require its drivers to familiarize themselves with its commercial motor vehicles and local roadways before operating those vehicles on those roadways.

WHEREFORE, Plaintiff Kenneth Boyd respectfully requests that the Court enter judgment in his favor against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) plus cost and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

## COUNT III

## VICARIOUS LIABILITY

### Kenneth Boyd vs. Hahn Automotive Warehouse

22.     Paragraphs one (1) through twenty-one (21) of the Complaint are incorporated herein by reference.

23.     As the master, principal and/or employer of Grome, Hahn is vicariously liable for all the tortious conduct of its agent, workman, servant, or employees, Hahn, as alleged herein, is also vicariously liable for Grome's tortious conduct since Grome was operating the large truck within the scope of his employment for Hahn, on highways, operating said large truck under the authority of Hahn.

24.     Hahn, is therefore liable to Boyd, not only for compensatory damages for his injuries, harm, damages and losses, as alleged herein, but also for the punitive damages to be awarded which arise from the reckless conduct of Grome.

WHEREFORE, Plaintiff Kenneth Boyd respectfully requests that the Court enter judgment in his favor against Defendants in an amount in

excess of seventy-five thousand dollars ($75,000.00) plus cost and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

## COUNT IV

## NEGLIGENT ENTRUSTMENT

## Kenneth Boyd vs. Hahn Automotive Warehouse

25.     Paragraphs one (1) through twenty four (24) of the Complaint are incorporated herein by reference.

26.     At the time of the above referenced automobile accident, Grome was the permissive operator of the 2016 large truck, involved in the accident, which was owned by Hahn.

27.     The incident from which Boyd, sustained serious injuries was a direct result of the negligence and carelessness of Hahn, in that Hahn failed to monitor and control the safe and careful operation of its vehicle.

28.     As a direct result of Hahn's, negligence, Boyd incurred medical expenses and other miscellaneous charges.

        WHEREFORE, Plaintiff Kenneth Boyd respectfully requests that the Court enter judgment in his favor against Defendants in an amount in

excess of seventy-five thousand dollars ($75,000.00) plus cost and delay

damages pursuant to Pennsylvania Rule of Civil Procedure 238.

## COUNT V

## NEGLIGENT TRAINING

## Kenneth Boyd vs. Hahn Automotive Warehouse

29.     Paragraphs one (1) through twenty eight (28) of the Complaint are
        incorporated herein by reference.

30.     Hahn, as noted previously within this Complaint, owed a duty of care
        to Boyd.  Hahn breached its duty of care by negligently training,
        instructing and educating its employees on the safety and the duty of
        care owed to citizens and other motor vehicles on the road.

31.     On the day of the accident in question, all employees, agents,
        workmen and servants were hired and trained by Hahn.

32.     The careless, negligent and indifferent conduct on the part of Hahn,
        included, but is not limited to, the following:

        a.     failing to provide adequate and appropriate supervision and
               appropriate assistance     devices to prevent accidents;

b.      failing to provide an environment that was free of accident hazards over which Hahn had control to provide appropriate training to employees when operating its motor vehicles to prevent accident and injuries to persons including, but not limited to Boyd;

c.      failing to identify and evaluate the hazards and risks of Boyd, related to accidents, and implement interventions including adequate supervision and appropriate assistive devices to reduce those hazards and risks;

d.      failing to coordinate training programs to improve employee skills and to enhance employee performance;

e.      acting in a grossly negligent manner, with reckless indifference to the rights and safety of the motor vehicle, public and persons, including, but not limited to Boyd;

f.      failing to develop, implement and/or enforce policies and procedures for review and revision of said employees responses to traffic scenarios on roadways;

g.      failing to develop, implement and/or enforce policies and procedures for monitoring and evaluating their employees' responses to traffic scenarios on roadways;

h.    failing of Hahn to develop, implement and/or enforce policies and procedures including screening, training, prevention, identification, investigation, protection and reporting misuse, neglect and harm of the vehicle speeds and vehicle control while in highway traffic; and

i.    failing to develop, implement and/or enforce policies and procedures for the drivers to monitor their vehicles for hazardous scenarios that may arise for motor vehicles and persons including, but not limited to, Boyd.

33.    Based upon the aforementioned negligent acts by Hahn, its employees and/or staff, Hahn caused Boyd to sustain severe and life-threatening injuries as listed within this Complaint.

WHEREFORE, Plaintiff Kenneth Boyd respectfully requests that the Court enter judgment in his favor against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) plus cost and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

## COUNT VI

## NEGLIGENT HIRING, SUPERVISION AND RETENTION

### Kenneth Boyd vs. Hahn Automotive Warehouse

34.    Paragraphs one (1) through thirty-three (33) of the Complaint are incorporated herein by reference.

35.    Hahn failed to take corrective measures and/or failed to hire qualified staff members to accommodate the needs of the aforementioned roadways for the safety of the persons traveling within the vicinity of a large truck, including, but not limited to, Boyd.

36.    Hahn knowingly placed the safety of Boyd at risk, by failing to hire adequate staff and in turn, had a primary goal of maximizing profits over maximizing the knowledge and talent of employers operating their motor vehicles on the roadway, causing harm to anyone in the vicinity of an operating box truck including, but not limited to, Boyd.

37.    For the reasons set forth above, Hahn was negligent, careless, and reckless in hiring, supervising, and selecting their employees, all or some of whom were incompetent and/or unskilled to perform essential functions of

providing adequate safety to surrounding motor vehicles and persons, including but not limited to, Boyd while on roadways.

38.     The negligent, careless, and reckless acts of Hahn, includes but is not limited to the following:

     a.     hiring incompetent or unskilled employees, contractors, agents and drivers;

     b.     hiring employees, contractors, agents, and drivers who did not have adequate and appropriate knowledge of driving protocol and procedures;

     c.     failing to supervise their employees, contractors, agents and drivers;

     d.     failing to train their employees, contractors, agents and drivers;

     e.     negligently retaining incompetent or unskilled employees, contractors, agents and    drivers; and

     f.     failing to ensure that their employees, contractors, agents, and drivers who were employed by Hahn, had adequate and appropriate knowledge of proper hauling    freight    protocol and procedures, including but not limited to, traffic control

signals, devices, markings, etc., to keep the motor vehicles and person, including but not limited to, Boyd, safe.

WHEREFORE, Plaintiff Kenneth Boyd respectfully requests that the Court enter judgment in his favor against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) plus cost and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

## COUNT VII

## PUNITIVE DAMAGES

### Kenneth Boyd vs. Lester Grome

39.   Paragraphs one (1) through thirty-nine (39) of the Complaint are incorporated herein by reference.

40.   In addition to the above referenced acts, Boyd alleges the following actions and/or inactions constitute a reckless and conscious indifference towards his rights and safety and the consequences of Grome's actions further demonstrate outrageous, wanton and gross indifference as follows:

    a. knowingly and deliberately operating a large truck in such a reckless and endangering manner, that Grome knew, or should have known, that by doing so, posed an immediate and increased risk of serious injury and harm to the public, including Boyd;

    b. knowingly and deliberately, through his negligent, reckless and careless conduct, acted in a conscious indifference to the rights and safety of the public, including Boyd;

    c. knowingly and deliberately continued to operate the large truck when Grome knew, or should have known, that by further operation of said vehicle under such dangerous conditions, would pose a continued and increased risk of serious injury and/or harm to the public, including Boyd.

    d. acting with a reckless disregard for the safety and well-being of Boyd; and

    e. recklessly operating Hahn's large truck when Grome knew, or should have known, that he was not qualified to do so.

47.   Boyd, alleges that the conduct of Grome, as alleged above, which is adopted herein and incorporated by reference, constitutes reckless and conscious indifference to the rights and safety of Boyd, and the consequences of Defendant, Grome's, actions (as herein described) further demonstrate outrageous, wanton, and gross indifference to the

rights of Boyd. As a result, Boyd is entitled to an award of punitive damages from Grome.

48.    The aforesaid acts of Grome manifest outrageous, wanton, recklessly and consciously indifferent conduct on his part and caused serious and personal injuries. Grome  as set forth in the preceding and proceeding paragraphs as such, and in view of Grome's conduct, as aforesaid, and in light of Boyd's injuries, Boyd is entitled to an award of both compensatory damages **and** punitive damages against Grome.

WHEREFORE, Plaintiff Kenneth Boyd respectfully requests that the Court enter judgment in his favor against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) plus cost and delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

Respectfully submitted by:

MINORA KROWIAK MUNLEY BATYKO

THOMAS W. MUNLEY, ESQUIRE
Attorney ID
700 Vine Street
Scranton, PA 18510
(570) 961-1616
(570) 558-1110 (Fax)

Attorney for the Plaintiff, Kenneth Boyd